**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

LEAH HUFF,

   Plaintiff,

vs.

BJK CLEANING SERVICES, LLC,

   Defendant.

Case No: 8:18-cv-952-T-26 AEP

**ANSWER AND AFFIRMATIVE DEFENSES**

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, BJK Cleaning Services, LLC, by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to the Complaint.

## ANSWER

Defendant hereby responds to the following correspondingly numbered paragraphs of the Complaint.

1. Plaintiff has two (2) separate paragraphs in the Complaint numbered as paragraph 1. both of which are denied. The entity named and sued as the Defendant in the Complaint was not involved in any of the allegations presented by Plaintiff and is an improper party as previously indicated to counsel for the Plaintiffs. Furthermore, the summons and service of process are defective. The caption of the summons names an unknown and unrelated entity, BJK Cleaning Services, Inc. Defendant reserves all defenses and rights including to challenge service of process, jurisdiction and Plaintiff's standing.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Defendant lacks sufficient knowledge to respond to these allegations.

7. Denied.

8. These allegations are legal statements and do not require a response.

9. These allegations are legal statements and do not require a response.

10. These allegations are legal statements and do not require a response.

11. These allegations are legal statements and do not require a response.

12. These allegations are legal statements and do not require a response.

13. These allegations are legal statements and do not require a response.

14. These allegations are legal statements and do not require a response.

15. These allegations are legal statements and do not require a response.

16. These allegations are legal statements and do not require a response.

17. ese allegations are legal statements and do not require a response.

18. These allegations are legal statements and do not require a response.

19. These allegations are legal statements and do not require a response.

20. These allegations are legal statements and do not require a response.

21. These allegations are legal statements and do not require a response.

22. These allegations are legal statements and do not require a response.

23. These allegations are legal statements and do not require a response.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Defendant lacks sufficient knowledge to respond to these allegations.

30. Denied.

31. Denied.

32. Denied.

33. Defendant lacks sufficient knowledge to respond to these allegations.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Defendant re-alleges its responses to paragraphs 1 through 46 of the Complaint.

48. These allegations are legal statements and do not require a response.

49. These allegations are legal statements and do not require a response.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied, including any and all wherefore clauses.

56. Defendant re-alleges its responses to paragraphs 1 through 55 of the Complaint.

57. Denied.

58. Denied.

59. Denied.

60. Denied. Including any wherefore clauses.

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses to the Complaint.

1. There is no subject matter jurisdiction over the named Defendant.

2. Plaintiff cannot state a claim upon which relief can be granted against Defendant for numerous reasons including that it did not engage in any of the conduct alleged in the Complaint.

3. The Complaint should be dismissed with prejudice for lack of service of process.

4. Plaintiff's claims are barred as a matter of law because they make and contain blatantly false and frivolous claims.

5. Plaintiff lacks standing because she was not charged for the communication and suffered no actual injury or actual damages by the alleged conduct. To establish standing under Article III of the United States Constitution, Plaintiff, and the proposed class, must show a concrete and particularized invasion of a legally protected interest. To the extent Plaintiff and members of the

proposed class have not paid money, lost title to goods of value, or suffered any other concreted or particularized harm as a result of the conduct alleged, Plaintiff and members of the proposed class lack standing to bring this suit under Article III of the United States Constitution.  Plaintiff also cannot state a claim for relief because she has suffered no actual damages.

DATED this 25th day of June, 2018

By:  /s/ Carlos Bonilla
Carlos Bonilla, Esq.
Florida Bar No:  0588717
Attorney for Defendant

## CERTIFICATE OF SERVICE

The foregoing was served upon counsel for Plaintiff, Andrew Shamis whose address is 14 N.E. 1st Ave., Suite 400, Miami, FL 33132, on June 6, 2018 via electronic filing and email to Ashamis@shamisgentile.com.

/s/ Carlos Bonilla
Carlos Bonilla, Esq.